UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

THE J. M. SMUCKER COMPANY,

        Plaintiff,

v.                        Case No._____

LODSYS, LLC,

        Defendant.
_____

**COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Plaintiff, The J. M. Smucker Company ("Smucker"), by and through the undersigned counsel, files this complaint for a declaratory judgment against Defendant, Lodsys, LLC ("Lodsys"), and alleges as follows:

**NATURE OF ACTION**

1.      This is an action for a declaratory judgment that Smucker does not infringe any valid claim of United States Patent Nos. 5,999,908 (the "'908 patent"), 7,133,834 (the "'834 patent"), 7,222,078 (the "'078 patent"), and 7,620,565 (the "'565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted Patents are invalid.

2.      A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3.      A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4.      A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5.      A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6.      Plaintiff, Smucker, is incorporated in Ohio and has a principal place of business at 1 Strawberry Lane, Orrville, OH 44667. Smucker is a manufacturer of fruit spreads, ice cream toppings, beverages, shortening, peanut butter and other products.

7.      On information and belief, Defendant, Lodsys, is a Texas limited liability company and claims to have a principal place of business at 505 East Travis Street, Suite 207, Marshall, Texas, 75670. The Texas Secretary of State lists the corporate address of Lodsys as 800 Brazos, Suite 400, Austin, Texas 74701.

8.      On information and belief, Lodsys owns the Asserted Patents.

9.      On information and belief, Mark Small is the Chief Executive Officer of Lodsys.

10.     On information and belief, Mr. Small conducts Lodsys's business from an office located in Oconomowoc, Wisconsin, within this jurisdictional district. Accordingly, on information and belief, Lodsys's primary place of business and/or headquarters is located within this judicial district.

11.     On information and belief, Mr. Small lives and works in Wisconsin, holds a Wisconsin driver's license, is registered to vote in Wisconsin, and is a resident and citizen of Wisconsin.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

14. This Court has personal jurisdiction over Lodsys because it has constitutionally sufficient contacts with Wisconsin so as to make personal jurisdiction proper in this Court. Lodsys maintains an office within this district and conducts or solicits business within this district.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

16. There are presently pending in this District five declaratory judgment actions against Lodsys relating to the Asserted Patents. They are: *RightNow Technologies Inc. v. Lodsys LLC*, *Wolfram Alpha LLC et al. v. Lodsys LLC*, *LivePerson Inc. v. Lodsys LLC*, *PC Drivers Headquarters 1 Inc. et al. v. Lodsys LLC*, and *PCS Sales (USA) Inc. v. Lodsys LLC*. Additionally, two more declaratory judgment actions against Lodsys relating to the Asserted Patents were pending in this District but have been closed: *Eset LLC v. Lodsys LLC* and *ForeSee Results Inc. v. Lodsys LLC*.

## THE PRESENCE OF AN ACTUAL CONTROVERSY

17. On November 9, 2011, Mr. Small sent a letter to Ms. Jeanette L. Knudsen, Vice President, General Counsel and Corporate Secretary, of Smucker. A copy of this letter is attached hereto as Exhibit E.

18. The November 9, 2011 letter stated:

[w]e have reviewed your use of the Lodsys Patents and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents. The images used in the charts are representative only and in addition to the charted claim of the referenced patent, you should consider the remaining claims of that patent and the other Lodsys patents both with respect to the charted utilization and to other products and services offered by you.

19. The November 9, 2011 letter also stated:

[w]e are interested in reaching a negotiated non-litigation licensing arrangement with you for all of your uses of the Lodsys Patents under your brand names and would like to discuss this matter with you within 21 days of your receipt of this letter.

20. The November 9, 2011 letter also stated that Lodsys has "retained the firms of Kelley, Donion, Gill, Huck & Goldfarb PLLC (www.kdg-law.com) based in Seattle, Washington, and The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in licensing of the Lodsys Patents."

21. The November 9, 2011 letter also stated:

> Lodsys LLC reserves all rights with regard to the '908, '834, '078, and '565 patents, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Lodsys' patented technology; (2) the right to change its royalty rates at any time; (3) the right to change this licensing program at any time without notice, including variance to conform to applicable laws. You should not rely on any communication or lack of communication from Lodsys, Kelley, Donion, Gill, Huck & Goldfarb, PLLC, or The Davis Firm Group as a relinquishment of any of Lodsys' rights.

22. The November 9, 2011 letter also included an "Infringement Claim Chart," setting forth how Smucker's "Online Store Questions" form, on its website, allegedly infringes claim 1 of the '078 patent.

23. On November 23, 2011, Jaclyn A. Bryk, Corporate Attorney – Litigation at Smucker, responded to Mark Small's letter. She requested that Mr. Small contact her at his earliest convenience to discuss the matter further.

24. On December 7, 2011, Harry Snodgrass, Licensing Executive at Lodsys, responded to Ms. Bryk's letter via email. Mr. Snodgrass wrote that if Ms. Bryk wanted to discuss licensing, that is Mr. Snodgrass's "area," but if Ms. Bryk wanted to discuss "any specific areas of the patent and infringement" then he could "get [Lodsys's] in-house counsel and patent expert on the call." Mr. Snodgrass's email further commented that he normally "like[s] to discuss the licensing program and pricing before proceeding with a claims review as it can offer a reference point for further conversations."

25. Upon information and belief, Lodsys is solely a licensing entity, and without enforcement it receives no benefits from the Asserted Patents.

26. On February 11, 2011, Lodsys filed a lawsuit against 12 companies alleging infringement of the Asserted Patents. That case is styled *Lodsys, LLC v. Brother International Corporation, et al.*, Case No. 2:11-cv-90 and is pending in the Eastern District of Texas, Marshall Division.

27. On May 31, 2011, Lodsys filed another lawsuit in the Eastern District of Texas against ten additional companies, all developers of Apple Inc. iPhone applications, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Combay, Inc., et al.*, C.A. No. 2:11-cv-272.

28. On June 10, 2011, Lodsys filed another lawsuit in the Eastern District of Texas against ten additional companies, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Adidas America, Inc., et al.*, C.A. No. 2:11-cv-283.

29. On July 7, 2011, Lodsys filed another lawsuit in the Eastern District of Texas against six additional companies, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. DriveTime Automotive Group, Inc. et al.*, C.A. No. 2:11-cv-309.

30. In all four Texas cases, counsel of record to Lodsys are Kelley, Donion, Gill, Huck & Goldfarb, PLLC, based in Seattle, WA, and The Davis Firm, P.C., based in Longview, Texas.

31. By virtue of Lodsys's actions, Smucker is in reasonable apprehension of an imminent patent infringement suit relating to the Asserted Patents.

32. Smucker denies that it infringes any valid claim of the Asserted Patents. Smucker now seeks a declaratory judgment that it does not infringe any valid claim of the Asserted Patents.

## COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '908 PATENT**

33. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

34. Smucker's website does not infringe any valid claim of the '908 Patent.

35. An actual controversy exists between Smucker and the Defendant as to whether or not Smucker has infringed, or is infringing, the '908 Patent; has contributed to infringement, or is contributing to infringement of the '908 Patent; and has induced infringement, or is inducing infringement of the '908 Patent.

36. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that by its activities Smucker has not infringed and is not infringing any valid and enforceable claim of the '908 Patent; has not contributed to infringement and is not contributing to infringement of the '908 Patent; and/or has not induced infringement and is not inducing infringement of the '908 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT II

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '834 PATENT**

37. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

38. Smucker's website does not infringe any valid claim of the '834 Patent.

39. An actual controversy exists between Smucker and the Defendant as to whether or not Smucker has infringed, or is infringing, the '834 Patent; has contributed to infringement, or is contributing to infringement of the '834 Patent; and has induced infringement, or is inducing infringement of the '834 Patent.

40. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that by its activities Smucker has not infringed and is not infringing any valid and enforceable claim of the '834 Patent; has not contributed to infringement and is not contributing to infringement of the '834 Patent; and/or has not induced infringement and is not inducing infringement of the '834 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT III

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '078 PATENT**

41. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

42. Smucker's website does not infringe any valid claim of the '078 Patent.

43. An actual controversy exists between Smucker and the Defendant as to whether or not Smucker has infringed, or is infringing, the '078 Patent; has contributed to infringement, or is contributing to infringement of the '078 Patent; and has induced infringement, or is inducing infringement of the '078 Patent.

44. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that by its activities Smucker has not infringed and is not infringing any valid and enforceable claim of the '078 Patent; has not contributed to infringement and is not contributing to infringement of the

'078 Patent; and/or has not induced infringement and is not inducing infringement of the '078 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT IV

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '565 PATENT

45. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

46. Smucker's website does not infringe any valid claim of the '565 Patent.

47. An actual controversy exists between Smucker and the Defendant as to whether or not Smucker has infringed, or is infringing, the '565 Patent; has contributed to infringement, or is contributing to infringement of the '565 Patent; and has induced infringement, or is inducing infringement of the '565 Patent.

48. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that by its activities Smucker has not infringed and is not infringing any valid and enforceable claim of the '565 Patent; has not contributed to infringement and is not contributing to infringement of the '565 Patent; and/or has not induced infringement and is not inducing infringement of the '565 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT V

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

49. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

50. Based on the above-stated conduct, Smucker is informed and believes that the Defendant contends that Smucker infringes one or more claims of the '908 Patent.

51. Smucker denies that it infringes any valid and enforceable claim of the '908 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

52. Accordingly, an actual controversy exists between Smucker and the Defendant as to the validity of the '908 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that the '908 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VI

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '834 PATENT**

53. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

54. Based on the above-stated conduct, Smucker is informed and believes that the Defendant contends that Smucker infringes one or more claims of the '834 Patent.

55. Smucker denies that it infringes any valid and enforceable claim of the '834 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

56. Accordingly, an actual controversy exists between Smucker and the Defendant as to the validity of the '834 Patent. The controversy is such that, pursuant to Federal Rules of

Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that the '908 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '078 PATENT

57. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

58. Based on the above-stated conduct, Smucker is informed and believes that the Defendant contends that Smucker infringes one or more claims of the '078 Patent.

59. Smucker denies that it infringes any valid and enforceable claim of the '078 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

60. Accordingly, an actual controversy exists between Smucker and the Defendant as to the validity of the '078 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that the '908 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VIII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT

61. The allegations of paragraphs 1-32 are incorporated by reference as if fully set forth herein.

62. Based on the above-stated conduct, Smucker is informed and believes that the Defendant contends that Smucker infringes one or more claims of the '565 Patent.

63. Smucker denies that it infringes any valid and enforceable claim of the '565 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

64. Accordingly, an actual controversy exists between Smucker and the Defendant as to the validity of the '565 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Smucker is entitled to a declaration, in the form of a judgment, that the '908 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Smucker prays that:

A. The Court declare that Smucker's website does not infringe any valid claim of the '908 patent;

B. The Court declare that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

C. The Court declare that Smucker's website does not infringe any valid claim of the '834 patent;

D. The Court declare that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

E. The Court declare that Smucker's website does not infringe any valid claim of the '078 patent;

F. The Court declare that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

G. The Court declare that Smucker's website does not infringe any valid claim of the '565 patent;

H. The Court declare that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

I. Smucker be awarded its costs in this action;

J. Smucker be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

K. Smucker be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

Smucker hereby demands a trial by jury in this action.

Dated: January 4, 2012               Respectfully Submitted,


                                     */s/ Eugenia G. Carter*
                                     Eugenia G. Carter
                                     WI State Bar ID No. 1011447
                                     gcarter@whdlaw.com
                                     WHYTE HIRSCHBOECK DUDEK S.C.
                                     P.O. BOX 1379
                                     33 East Main Street, Suite 300
                                     Madison, WI 53701
                                     (608) 234-6058 (telephone)
                                     (608) 258-7138 (facsimile)

                                             and

                                     Steven Lieberman
                                     slieberman@rfem.com
                                     Brian Rosenbloom
                                     brosenbloom@rfem.com
                                     Jenny L. Colgate
                                     jcolgate@rfem.com
                                     ROTHWELL, FIGG, ERNST & MANBECK, PC
                                     1425 K Street, N.W., Suite 800
                                     Washington, D.C. 20005
                                     (202) 783-6040 (telephone)
                                     (202) 783-6031 (facsimile)

                                     *Attorneys for Plaintiff*
                                     *The J. M. Smucker Company*

8324884_1
WHD/8324884.1

13

Case 2:12-cv-00012-CNC   Filed 01/04/12   Page 13 of 13   Document 1