UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

THE J.M. SMUCKER COMPANY,

        Plaintiff,

        v.                                    Case No. 12-C-0012

LODSYS, LLC,

        Defendant.

ORDER GRANTING REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DEEMING MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT (DOC. 12) WITHDRAWN

Lodsys, LLC moves to dismiss Counts III and IV of the Amended Complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). Alternatively, Lodsys asks for an order directing The J.M. Smucker Company to file a more definite statement, *see* Fed. R. Civ. P. 12(e).

Smucker asserts that Counts III and IV relate to two patents, U.S. Patent Nos. 5,999,908 and 7,222,078, which are invalid and as such, should be dismissed. The key portion of each invalidity claim reads as follows:

> Smucker denies that it infringes any valid and enforceable claim of the '908 [or '078] Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

(Am. Compl. ¶¶ 41, 45.) Lodsys argues that this language is conclusory and violates the rule of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), as well as *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.*; *see* Fed. R. Civ. P. 8(a)(2). Second, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra Health Servs., Inc.*, 496 F.3d at 776 (citing *Bell Atlantic Corp.*, 550 U.S. at 555-56, 569 n.14).

A plaintiff's obligation to assert the basis for relief requires more than labels and conclusions or a mere accusation that a defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp.*, 550 U.S. at 555. Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

2

Here, the question is whether the language of the Amended Complaint quoted above contains sufficient allegations or, instead, whether it constitutes naked assertions and mere conclusions.[1] Some district courts have found similar language sufficient, while others have found it conclusory. *Compare Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*, No. 3:09CV212 (AWT), 2010 WL 174078, *17 (D. Conn. Jan. 14, 2010), *and Sun Valley Bronze, Inc. v. Nobilus, LLC*, No. CV 08-345-S-EJL, 2008 WL 5234055 (D. Idaho Dec. 12, 2008), *with Pfizer Inc. v. Apotex Inc.,* 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010), *and Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 U.S. Dist. LEXIS 125002, *7-*16 (E.D. Tex. Feb. 13, 2009).

This court leans toward the view that the language in this Amended Complaint is too conclusory. However, no definitive ruling need be made at this time. In its response brief, Smucker asks that if the court finds the allegations insufficient that it be allowed to file a second amended complaint. The proposed Second Amended Complaint for Declaratory Judgment adds a paragraph (paragraph 31) pertinent to the invalidity claims, alleging that the claims of the '908 and '078 patents are anticipated by prior art. In its reply brief, Lodsys indicates that the Second Amended Complaint adds detail and a more definite statement of the invalidity claims. Further, Lodsys says that if the court grants leave to amend, it will withdraw its motion. Notably, even in the *Boehringer* and *Sun Valley Bronze* cases cited above, leave to amend the complaint was given. Hence, the best course appears to be to grant Smucker's alternative request. Therefore,

---

[1]As an alternative argument, Smucker contends that Lodsys knows what the invalidity claims are based on communications between counsel last year. Such discussions and actual knowledge by Lodsys do not replace the requirements for proper pleading.

3

IT IS ORDERED that Smucker's request for leave to file its Second Amended Complaint for Declaratory Judgment is granted and Lodsys's motion to dismiss (Doc. 12) is deemed withdrawn. The clerk is directed to detach the Second Amended Complaint for Declaratory Judgment (Exhibit F to Doc. 14) and file it in the record. Thus, Lodsys's time for responding to the second amended complaint will run from the date of this order.

IT IS FURTHER ORDERED that Smucker's motion for summary judgment (Doc. 17) remains stayed until the court conducts a scheduling conference, pursuant to a separate order.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE